(No. 25373.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WAYNE JEFFERS, Plaintiff in Error.

*Opinion filed December 15, 1939—Rehearing denied Feb. 8, 1940.*

STEPHENSON & ALLEN, (TEMPLEMAN & TEMPLEMAN, of counsel,) for plaintiff in error.

JOHN E. CASSIDY, Attorney General, IVAN J. HUTCHENS, State's Attorney, and A. B. DENNIS, (JOSEPH L. ROSENBERG, and ROY B. FOSTER, of counsel,) for the People.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

Wayne Jeffers, twenty-three years of age, was indicted for manslaughter, tried by the court and a jury in the circuit court of Macon county, found guilty and sentenced to imprisonment in the penitentiary. He has sued out this writ of error.

The indictment consisted of nine counts. The jury based its finding upon the second count, which charged that the defendant unlawfully, feloniously, recklessly and negligently made an assault with a motor vehicle in a public highway upon and against Raymond Johnson, causing his death. The first, third and ninth counts were similar to the second count. The fourth count charged the driving of an automobile on a public highway at a speed greater than is reasonable and proper. The sixth, seventh and eighth counts charged the defendant with driving an automobile while under the influence of intoxicating liquor. The fifth count was quashed.

On the night of May 6, 1939, on State Route 47 on the west side of Lake Decatur in Macon county, an accident

occurred as the result of which an automobile was driven over an embankment into a ditch. A telephone pole was broken and fell on the highway. A number of persons gathered at the scene of the accident. An ambulance was called to remove three boys who were injured. The telephone pole was removed from the main part of the highway, but because wires were still attached to it, a foot or two of the pole and cross-arm extended over the side of the pavement. Traffic was passing over the highway in both directions, and flares were obtained and one was placed in the cross-arm of the pole and another was located a short distance therefrom to warn approaching and passing vehicles.

Some time after the accident mentioned the defendant and his wife drove from the east on Route 47. That road extends in a northwesterly direction up a hill, and at the top of the hill turns south and curves to the southwest. At the beginning of the curve is a guard rail which extends for some distance to the south and west about two feet from the north side of the pavement. A number of persons were standing near the east end of the guard rail and at different places along the roadway and near the automobile in the ditch. Different witnesses at the trial estimated the speed at which the defendant was driving variously from thirty to fifty miles per hour. When the automobile reached the top of the hill, instead of following the lane of the highway it ran toward the guard rail on the north side of the road. It struck Johnson and hit the guard rail and swerved back into the roadway and other persons were struck. The automobile struck the guard rail and supporting posts at several places before it came to a stop. Johnson's skull was crushed and he died thereafter.

There was testimony that the defendant was intoxicated at the time of the accident and that he appeared to lose control of the automobile at the time it struck the guard rail. The evidence is uncontradicted that the defendant

stopped at a tavern just before the time of the accident. Several witnesses testified on behalf of the defendant that he was not intoxicated at the tavern nor at the time of the accident. The defendant did not testify. The only testimony on his behalf as to the rate of speed at which he was driving was that of one witness who estimated it at thirty miles per hour, and that it diminished after striking the guard rail. The evidence discloses that there were numerous automobiles parked along the roadway and near the place of the first accident. There was testimony that the flares could be seen by persons approaching the place of the first accident.

A motion was made by the defendant to quash the indictment which, except as to the fifth count, was overruled. One of the grounds of the motion, applicable to the second count, is that it was insufficient to charge that Johnson died as a result of any act or of a wound inflicted upon him by the defendant. The second count of the indictment charged that the defendant unlawfully, feloniously, recklessly and negligently made an assault with a motor vehicle against the chest, body, arms and legs of Johnson and then and there gave him "divers mortal contusions, of which said mortal contusions the said Raymond Johnson languished a short time, and on the seventh day of May, * * * there died." The defendant cites the case of *People* v. *Huff*, 339 Ill. 328, in support of the contention that the indictment is insufficient in the quoted part above mentioned. In the cited case the indictment purported to charge that the defendant caused the death of one Lorine Morris by an attempted abortion with the use of an instrument, knowing that the instrument would produce a miscarriage, by reason of which Lorine Morris from the 27th day of May "did languish, and languishing did live, on which said 6th day of June * * * the said Lorine Morris then and there died." It was held that the count did not charge that the death of Lorine Morris was the result of the attempted

abortion. There was nothing in the language of the indictment which would negative a conclusion that she might have recovered from the attempted abortion on May 27, but nevertheless died on June 6, following. In *People* v. *Wallage*, 353 Ill. 95, we held that an indictment was sufficient which charged the defendant with the unlawful, reckless and negligent driving of a motor vehicle on a public highway, whereby it struck and mortally wounded a certain named person of which mortal wounds the person mentioned "then and there languished a short time and on the same day died." It was held that this language left no doubt of the cause of death.

It is asserted in the reply brief, for the first time, that there is no statement in the indictment as to what constituted the reckless or negligent acts of which complaint was made. *People* v. *Green*, 368 Ill. 242, is cited as supporting the contention. That case is distinguishable from the present case. The charge in the indictment here is similar to that in *People* v. *Falkovitch*, 280 Ill. 321. In *People* v. *Wallage*, *supra*, it was held that the language of the indictment which charged the defendant with the unlawful, reckless and negligent driving of a motor vehicle on a public highway, whereby it struck and mortally wounded Cecil Phillips, of which mortal wounds, fractures and contusions Phillips died, was sufficient. The language is definite in the indictment here in question that the defendant unlawfully, feloniously, recklessly and negligently made an assault against Johnson and gave him mortal contusions of which he died. The indictment informed the defendant of the nature of the charge against him. The trial court did not err in overruling the motion to quash the second count of the indictment.

It is contended that the court erred in admitting testimony over objections, as to injuries to other persons than Johnson, because it did not tend to prove any issue in the case. One witness was permitted to testify that one of the

persons injured was strapped with something tight around his leg and his leg was dangling. Another witness stated that one of the injured persons was lying at the foot of the hill with his leg cut off and a third witness was permitted to testify that her leg was broken in three places and her rib injured. The State's attorney stated that the purpose of the testimony was to show the speed of the automobile and the force of the impact. No details were related following the statement as to the injuries inflicted upon other persons. The record discloses that there was a crowd gathered at the place in question and flares burning for the purpose of warning approaching drivers. The fact that the defendant drove his car into this crowd and injured a number of other persons in addition to causing the death of the deceased was competent as bearing upon the question of his utter disregard for the safety of others. The jury was instructed that it was not to consider the injuries to others as bearing upon the question of the guilt or innocence of the defendant. The fact, however, that others were injured was competent as part of the *res gestae*.

The test of the admissibility of evidence is whether it fairly tends to prove the particular offense charged. *People* v. *Bloom,* 370 Ill. 144; *People* v. *Black,* 367 id. 209; *People* v. *Deal,* 357 id. 634.) Any circumstance may be put in evidence which tends to make the proposition at issue either more or less probable. (*People* v. *Tokoly,* 313 Ill. 177.) The testimony as to the rate of speed of the defendant's automobile was conflicting. The greater the speed the greater would be the impact against objects and the greater the damage or injury inflicted. The testimony to which objection was made had some bearing upon the issue in the case.

Complaint is made of the sixth and eighth instructions. The first part of the sixth instruction stated: "If you believe and find from the evidence beyond a reasonable doubt that the defendant killed the deceased and that such killing

was involuntary" and then continued, "yet, if you believe that the killing occurred while the defendant was in the commission of an unlawful act, and was the result of such unlawful act, then and under such circumstances the defendant would be guilty of manslaughter." It is contended that the instruction is not limited to the charges in the indictment. The first and latter parts of the instruction were so well connected that, when considered with the other instructions as a series, it would not be misunderstood. It was approved in *People* v. *Hadfield,* 337 Ill. 462.

The objection to the eighth instruction is that it informed the jury that the defendant should be held penally responsible for his negligence, or in the alternative for his wilful omission of duty. In *People* v. *Adams,* 289 Ill. 339, cited by the attorney for the defendant, an instruction stated that the mere negligent killing of a person is manslaughter. The court held that the instruction did not correctly state the law. The eighth instruction in this case is, in substance, that one is criminally responsible for the wilful and wanton neglect or wilful and wanton failure to perform the legal duty to observe reasonable care in the control and management of a motor vehicle to prevent injury to others. The same instruction, in substance, has been approved in other cases. (*People* v. *Schwartz,* 298 Ill. 218; *People* v. *Hadfield, supra.*) The instruction stated the law correctly. *People* v. *Pierce,* 369 Ill. 172; *People* v. *Peterson,* 364 id. 80; *People* v. *Herkless,* 361 id. 32.

It is contended that when the jury found the defendant guilty of manslaughter as charged in the second count of the indictment all other counts were eliminated from its consideration, and its duty was confined to determining whether the defendant's manner of driving his automobile at the time and place in question amounted to criminal negligence. The second count charged that the defendant unlawfully, feloniously, recklessly and negligently drove the motor vehicle upon and against Johnson. Any evidence

tending to prove that the defendant drove and operated his automobile in an unlawful manner, whether at a great rate of speed or while under the influence of intoxicating liquor, would be consistent with and properly predicated upon the second count of the indictment, whether the other counts contained similar charges or not.

It is contended that there is a variance between the allegations of the second count of the indictment as to the injuries of the deceased and the proof of such injuries. What has heretofore been stated is, in part, applicable to this contention. It is, however, stated that the injuries were to the head of the deceased and not to his chest, body, arms and legs. There was no question of variance raised in the trial court and the question cannot now be presented. *People* v. *Price,* 371 Ill. 137.

It is contended that the verdict of the jury is contrary to the weight of the evidence. There was evidence tending to prove that the defendant was intoxicated at the time he struck Johnson. An examination of the defendant's urine the morning of May 7 at the police station disclosed a content of alcohol of .34 per cent by volume. The defendant made a written statement that he had been drinking on the night of May 6 and was drunk when he left the tavern before driving out to the place where the accident occurred. A police officer testified that at the police station the morning after the accident the defendant asked the officer what happened, and told the witness that he knew he hit something but did not know what it was. While the rate of speed at which the defendant drove before the accident was estimated at thirty to fifty miles per hour, only two of the witnesses testified to a rate of thirty miles per hour, and one of these witnesses stated that the rate was between thirty and forty miles an hour. Four witnesses testified that the rate was forty or more miles an hour, and two of these witnesses estimated the rate at forty-five miles per hour. The roadway was eighteen feet in width. While

there were other automobiles parked in the vicinity of the first automobile accident it is not disclosed that their proximity to the roadway had any bearing upon the accident. The condition of the roadway, the rate of speed of the defendant's automobile, whether the defendant was intoxicated, whether he was negligent and the character and extent of his negligence were all questions for the jury. The jury saw and heard the witnesses testify and was in a better position to judge of their credibility than is this court. The jury was properly instructed as to the law applicable to the evidence.

There is no prejudicial error in the record. The judgment of the circuit court of Macon county is affirmed.

*Judgment affirmed.*