(No. 35045.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD ALLEN, Plaintiff in Error.

*Opinion filed May 22, 1959—Rehearing denied September 22, 1959.*

EMANUAL ROSENBERG, WAYNE L. BICKES, and ROSEN-
BERG & ROSENBERG, all of Decatur, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and
HILMER C. LANDHOLT, State's Attorney, of Decatur, (FRED
G. LEACH and WILLIAM H. SOUTH, Assistant Attorneys
General, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

This case is before us on a writ of error to review a
judgment of the circuit court of Macon County entered
upon a jury verdict finding the defendant, Richard Allen,
guilty of the crime of burglary.

Defendant contends on this writ of error that the State
failed to prove the ownership of the building as alleged in
the indictment; that the evidence was insufficient to estab-
lish defendant's guilt beyond a reasonable doubt; that the
court erred in rulings on the admissibility of certain evi-
dence; that the State's Attorney improperly referred to
an admission by defendant in his opening statement; and
that the court erred in refusing two instructions tendered
by defendant.

The indictment charged that the defendant broke and
entered a building owned by one Dell Carroll, doing busi-
ness as the Night Owl Bar-B-Q. Carroll testified that he
was the owner of the building and was doing business un-

der that name. The defendant's evidence showed that Carroll had registered the business with the county clerk of Macon County as "Carroll's Service Station and night Owl Bar-B-Q." It was established at the trial that Carroll operated a service station and a tavern on a single tract of ground on the south edge of the city of Macon. The burglary was committed in the tavern premises. The fact that Carroll had registered both the service station and the tavern under a single registration with the county clerk is immaterial. The indictment alleged that Carroll was the owner of the building and the proof was to the same effect. Under these circumstances, the alleged variance was immaterial and could not possibly have prejudiced the defendant. An insubstantial variance as to the name of an individual is not regarded as material unless it appears that the jury was misled or that substantial injury was done the accused. *People* v. *Callahan*, 324 Ill. 101; *People* v. *Zangain*, 301 Ill. 299; *People* v. *Cunningham*, 300 Ill. 376.

Defendant's second contention is that the evidence was insufficient to establish his guilt beyond a reasonable doubt. The principal witness for the State was Dell Carroll. He testified that he had a burglar alarm system in his tavern so that if anyone opened the doors an alarm sounded in the bedroom of his home which was a short distance from the tavern. This burglar alarm sounded at about 3:00 o'clock one morning and Carroll took a shotgun and drove to his tavern, after asking his wife to call the sheriff. He parked his car about 65 feet from the tavern with the car lights shining through the windows and saw two men in the tavern standing about 10 feet back of the windows. These men went into the back part of the tavern and Carroll got out of his car and walked around the building to the back side. As he was looking through a side door he saw one of the men tear the venetian blind down off the door. He identified defendant at the trial as the man who had torn the blind down. The other man was working at the

door with a screw driver trying to pry the lock off. After working for several minutes the lock was removed and the two men dashed out of the door. Carroll noticed at that time that the man he identified as defendant had a pair of gloves in his hands. Carroll shouted for them to stop but they kept running and he fired two shots, hitting both of the men. They continued running and Carroll fired another shot at one of the men. Carroll waited on the premises until the sheriff's car arrived and then drove around with the sheriff trying to locate the two men. He and the sheriff saw a car parked behind a motel which was near the tavern and when they searched the car they found a crow bar and two fifths of Schenley's whiskey, four bottles of cold beer, and a sack with some money in it. Carroll noticed some tracks leading from the tavern into a field and when he searched the field he found a screw driver and a pair of gloves.

In addition to Carroll's testimony, the manager of the tavern testified that the side door had been pried open and the venetian blind had been torn off, the coin box on the music machine had been pried off and the coin tray of the cash register was on the floor with some coins scattered about. A carton of cigarettes and two bottles of Schenley whiskey were missing and the door on one of the beer coolers was open. It was established at the trial that after defendant had been arraigned on the burglary charge and released on bond, he fled the jurisdiction and his bond was forfeited. He was later apprehended in Arizona and returned to Macon County to stand trial.

Defendant testified that on the night of the burglary he had been drinking in a tavern in Decatur with a man named Billy Lobb until about midnight. He was interested in getting into a poker game and another man at the tavern told him that there was a game at the Night Owl Bar-B-Q in Macon. Defendant then bought two fifths of whiskey and eight or ten bottles of beer. He left the Decatur tavern

in his brother's car and picked up Lobb, who had taken his girl friend home. He and Lobb had a cup of coffee at a restaurant and then left for Macon. When they got to the Night Owl Bar-B-Q, defendant parked his car behind the motel and took some silver dollars and three one-dollar bills out of his bill fold and put them in the glove compartment of his car so that if he went broke in the poker game he would have some money left. On the way from Decatur to Macon, he and Lobb drank six bottles of beer and they left the two bottles of whiskey and the other beer in the front seat of the car. Defendant testified that as he was walking around the building to the end of the tavern he was shot by Carroll. He rolled forward when he was hit and then picked himself up and ran toward the road where he was again shot. He was knocked down into the ditch and he crawled up from there and ran into a field. He called his father from a house down the road and his father came and got him and took him home. He was arrested the following morning at his home and taken to the hospital for treatment of his gun shot wounds. Defendant's testimony with respect to buying the whiskey and beer in the Decatur tavern was corroborated by two witnesses, one of whom had been convicted of the crime of burglary on two prior occasions. Defendant admitted that he did not notify the sheriff of the fact that he had been shot. It was brought out at the trial that defendant had been previously convicted of the crime of robbery.

Defendant argues that the sole evidence against him is the testimony of Carroll and he attempts to argue that Carroll's testimony is unworthy of belief. We are unable to agree that the sole evidence against defendant was the testimony of Carroll. Two bottles of Schenley whiskey were stolen from the tavern and two bottles of Schenley whiskey were found in the car driven by defendant. Some money had been taken from the coin box and the cash register and a sack containing money was also found in the

car. While defendant attempted to explain the presence of these items in the car the jury was not obligated to believe his explanation. The credibility of the testimony was a matter for the jury to determine and we will not substitute our judgment for that of the jury, particularly in view of the fact that both defendant and one of his witnesses had previously been convicted of felonies. This is a circumstance which is proper to consider in passing upon the credibility of the testimony. The fact that defendant made no report of the shooting to the sheriff lends support to Carroll's testimony that defendant was shot while burglarizing the tavern, rather than defendant's story that he was shot while walking around the building. The fact that defendant fled the State of Illinois after indictment and before trial is also some evidence of guilt. We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

Defendant contends that the court erred in admitting certain photographs in evidence. As to two of these photographs, the record discloses that defendant's counsel stated that there was no objection to these pictures. Objections not presented at the trial can not be raised on review. (*People* v. *Taylor*, 13 Ill.2d 215.) One of the other photographs in question was a picture of the side door of the tavern showing certain marks where the shotgun pellets had struck the door. Circles had been drawn around some of the shot marks and defendant contends that these circles, which had been placed there by Carroll, unduly emphasized the shot marks. An examination of the picture shows that the shot marks are plainly visible thereon and the fact that several of the marks were circled could not have prejudiced defendant. Other pictures which were admitted in evidence without objection also were marked in pencil. Where evidence similar to that objected to is admitted without objection, defendant can not assign error on the admission of the evidence to which he objected. (*People* v. *Padley*, 363 Ill.

50.) Defendant contends with respect to the other picture that it was improper to photograph the front door while it was open. The manager of the tavern had testified that when he went to the tavern in the morning the door was closed and that Carroll opened the door to get the picture. It seems to be defendant's contention that taking a picture of the open door in some way constitutes a "posed" photograph and was not an accurate photograph of conditions as they existed at the time of the crime. We are unable to agree with this contention. At the time of the burglary the door was open according to Carroll and it was proper to introduce in evidence a photograph of the open door.

Defendant also contends that it was error to admit in evidence the whiskey, beer, sack of money, crow bar, screw driver, and gloves. There was evidence that two bottles of Schenley whiskey, some beer, and some money had been stolen and that similar items had been found in defendant's car shortly after the burglary. There was evidence that the front door had been forced open and Carroll testified that one of the burglars was trying to pry open the side door with a screw driver, and also that one of the burglars wore gloves. The screw driver and gloves were found in the field where defendant admitted running. All of these items were sufficiently connected with the crime and the defendant to render them admissible.

Defendant argues that the trial court should not have permitted the lock from the door, the crow bar, screw driver, and a pair of gloves, all of which had been admitted in evidence, to be taken into the jury room. Defendant objected at the trial to taking the screw driver into the jury room but raised no objection to sending the other exhibits in with the jury. The alleged error in taking the other exhibits is therefore waived. It is well established that the matter of whether exhibits should be taken to the jury room is within the sound discretion of the trial judge and his ruling will not be disturbed unless there was an

abuse of such discretion to the prejudice of defendant. (*People* v. *Ciucci*, 8 Ill.2d 619.) We are of the opinion that no such abuse of discretion or prejudice is shown here.

Defendant's final contention with respect to alleged errors in the admission of evidence is that the court erred in permitting witnesses to testify that Billy Lobb had also been taken to the hospital for gun shot wounds. The record shows that Lobb and defendant were jointly indicted for the crime although Lobb was not on trial with defendant. Carroll testified that there were two men involved in the burglary and that he had shot both of the men as they emerged from the tavern. Defendant admitted being with Lobb at the tavern although he denied ever being in the building. The test of admissibility of evidence is whether it fairly tends to prove the particular offense charged and any circumstances may be put in evidence which tend to make the proposition at issue either more or less probable. (*People* v. *Jeffers*, 372 Ill. 590; *People* v. *Tokoly*, 313 Ill. 177.) Testimony that Lobb was also shot was admissible as a circumstance tending to prove that two men were shot as they emerged from the tavern, as Carroll had testified.

In the opening statement the State's Attorney stated that there would be evidence as to certain admissions made by the defendant. At the trial there was no proof of such admissions and defendant contends that reference to the same in the opening statement constitutes reversible error. In order to constitute reversible error, remarks by counsel must be such as to give reasonable grounds for believing that the jury was prejudiced thereby and that their verdict was affected by the remarks. (*People* v. *Jenko*, 410 Ill. 478.) While we are of the opinion that the State's Attorney should not have made any reference to an admission if there was to be no evidence of one, we believe that in view of the positive evidence of guilt, this reference to an admission in the opening statement was not reversible error.

Defendant assigns as error the failure of the trial court

to give two instructions tendered by defendant. However, the abstract does not set forth all of the instructions. As we have held on many occasions, we will not consider alleged errors as to the giving or refusing of instructions unless all of the instructions, both given and refused, are abstracted. *People* v. *Todaro,* 14 Ill.2d 594; *People* v. *Harvey,* 12 Ill.2d 88; *People* v. *Kemp,* 396 Ill. 578.

We have considered all of the assignments of error and are of the opinion that the evidence was sufficient to establish defendant's guilt and that he received a fair trial, free from prejudicial error. The judgment of the circuit court of Macon County is therefore affirmed.

*Judgment affirmed.*