**People of the State of Illinois, Plaintiff-Appellee, v. Walter Jordan, Defendant-Appellant.**

**Gen. No. 52,112.**

First District, First Division.
March 16, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Morton E. Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant appeals from a judgment after a jury verdict by which he was found guilty of rape. The trial judge sentenced him to serve a term of not less than 16 years nor more than 20 years in the Illinois State Penitentiary. Defendant raises four issues on appeal.

> 1. The trial court's refusal to order certain statements allegedly made by the State's witnesses to be produced at the trial;
> 2. Improper instructions to the jury;
> 3. Improper closing arguments of the State's Attorney; and
> 4. Excessive sentence.

At noon on November 13, 1965, the prosecutrix, Susan Wood, a student at Lake Forest College and a tutor at Booth Settlement House, took two of her pupils to their families. She went with them to the lobby of a nine-story apartment building at 2240 South State Street, Chicago, where one of the students lived. While waiting there for the elevator to take her to the eighth floor she saw two men, one of whom was Walter Jordan, the defendant. Jordan put his arms around her but let go after Miss Wood protested. The two men got off on the fifth floor. Miss Wood and her students continued to the eighth floor where one of the students got off. As

Miss Wood and the other student were coming down, the defendant entered the elevator on the fifth floor. The elevator went back to the eighth floor, where Jordan pushed Susan Wood out of the elevator and to the stairway where the other man was waiting. Defendant then dragged her to the stairwell and pulled off her underclothing. She screamed but he silenced her by putting his hand over her mouth. Her student did not help her. Defendant then attempted to have sexual intercourse with her while holding a knife to her throat. He and the other man then pulled her to the landing on the seventh floor, where defendant raped her.

At this time, Kenneth Danielley, the building janitor, came out after hearing Miss Wood. He encountered the defendant on the seventh floor and observed that defendant's pants were around his knees. As Jordan ran, his pants fell off. The fight and chase continued outside until Jordan was subdued. In the meantime, Miss Wood ran to the apartment of her student on the eighth floor, where she called the police. Officer Fred Harris took the defendant into custody. Miss Wood was taken to a hospital where she was attended by a doctor who observed a tear in her hymen and bruises about the genital area.

■ The defendant contends that the trial court should have compelled the prosecution to produce the writings made by the police as they interrogated the various witnesses who testified for the State. It appears that the written reports of Officer Fred Harris and of the examining physician, Dr. Rajaj Dajani, were given to the defendant's counsel. There is no evidence that any other written statements made by the other witnesses were in existence. Defendant cites certain decisions of the Illinois Supreme Court and Appellate Court. The facts in these cases are dissimilar and none of them apply to the instant case. The trial judge questioned the wit-

ness and the State's Attorney as to whether there were any statements and upon learning that there were none, denied the defense motion for the production of such nonexistent statements. The trial court stated:

> "The Court denies the request because there has been no foundation. This sole purpose of the production of said statement is impeachment of the witness. If it is not a verbatim statement, the witness would have to adopt either by authorship or reading of it or some other method of adoption. The witness cannot be impeached by a writing of somebody else."

We are also following the language of People v. Najera, 75 Ill App2d 127, 221 NE2d 136 (1966):

> "The prosecution is required to furnish on demand to defendant for impeachment purposes specific statements in its possession made by a State's witness which have been established to exist and which are in the witness' own words or substantially verbatim." (P 131.)

██ Defendant contends that the instructions given by the court were repetitive, weakened the presumption of defendant's innocence and exaggerated State's evidence, giving it an improper basis for defendant's guilt. There were eight instructions with which defendant finds fault. He cannot object to the State's instructions 1, 2, 3 and 7 at this time, having made no objections to them at the time of the trial. Instruction No. 11 is objected to because the court failed to give the jury a definition of the term "felony" in that instruction. We believe the instruction was clear and understandable and in no way prejudicial to the defendant. Instruction No. 16 was given over defendant's objection yet the defendant, in his brief, considers instruction No. 16 proper.

Instructions Nos. 13 and 15 are objected to because they are duplicative. Instruction No. 13 stated: "The court instructs the jury that to constitute the offense of rape it is not necessary that the defendant have an emission." Instruction No. 15 quoted the statutory definition of rape including the following language: ". . . sexual intercourse occurs when there is any penetration of the female sexual organ by the male organ." Defendant contends that instruction No. 15 was improper because having been given instruction No. 13, it was duplicative and explanatory of No. 15 and, therefore, confusing to the jury. We fail to see where there could be any confusion.

Defendant also contends that in the closing argument, the State's Attorney accused defendant's counsel of asking questions which were aimed solely to confuse the jury. Defense counsel did not object to the statements at the time they were made and cannot allege error for the first time on appeal. Our reading of the closing argument does not convince us that these remarks were prejudicial or deprived the defendant of a fair trial. "Moreover, reversal is not warranted unless it appears that the improper remarks complained of influenced the jury in a manner that resulted in substantial prejudice to the accused." People v. Stahl, 26 Ill2d 403, 406, 186 NE2d 349 (1962) ; People v. Berry, 18 Ill 2d 453, 165 NE2d 257 (1960).

Defendant contends further that the sentence is grossly excessive. We are reluctant to disagree with the sentence of a trial judge which is within the statutory limits as punishment for the crime involved. The codefendant was tried separately and pleaded guilty. Both defendants were found guilty of the same crime. The codefendant was sentenced to a term of six to ten years. It is our opinion that justice requires that the sentence of 16 to 20 years imposed upon Walter Jordan

be reduced and he be sentenced to the Illinois State Penitentiary for a term of ten to fourteen years.

Sentence modified and judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.