THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN GARY, Defendant-Appellant.
First District (5th Division)    No. 62419

Opinion filed September 24, 1976.

James E. Staruk, of Worth, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Following a jury trial, defendant was convicted of the kidnaping and armed robbery of Morris Franklin and the aggravated kidnaping and attempt (armed robbery) of Joan Bellaire in violation of section 10—1, 18—2, 10—2, and 8—4 of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38, par. 10—1, 18—2, 10—2, and 8—4.) He was sentenced to concurrent terms in the penitentiary of 20-40 years for aggravated kidnaping, 20-40 years for armed robbery, and 3-10 years for kidnaping. Co-defendant Walter Melvin was acquitted on all charges. Co-defendant Chester Boyce was also convicted of the offenses stated and this court affirmed that judgment in *People v. Boyce*, (1976), 41 Ill. App. 3d 53, 353 N.E.2d 287.

On appeal, he contends: (1) he was denied a fair trial by references to his absence from the proceedings and by improper conduct during the State's closing arguments, and (2) he was not proved guilty beyond a reasonable doubt.

Although he was present when the first 11 jurors were selected, he failed to appear for the selection of the remaining jurors and alternate jurors and for the beginning of his trial three days later. The trial court advised the jury that he was represented by counsel. Defense counsel inquired whether the jury would give defendant a fair trial even in his absence and the jury members replied in the affirmative. During opening argument defendant's absence was mentioned and his counsel stated defendant was not on trial for bail jumping. The trial court sustained the State's objection and instructed the jury that they might consider defendant's absence.

The following pertinent evidence was adduced at trial.

*For the State:*
*Joan Bellaire*
She and Morris Franklin, her boy friend, left her home at 2717 West Polk in his automobile at 11:30 p.m. on August 9, 1973. The car malfunctioned at Washtenaw and Polk and Franklin repaired it. Several people were in the area at the time. After Franklin reentered the car, three men approached. Chester Boyce put a pistol to Franklin's head and ordered them out of the vehicle. Boyce then gave the gun to defendant and after searching Franklin's pockets gave defendant the papers he took

from Franklin's pockets. Defendant asked her if she had any money and she told him she did not. When they reentered the car, Boyce drove, Franklin sat in the front passenger seat. She was in the middle of the rear seat between defendant and Walter Melvin. The doors were locked and the windows were closed. They drove through Douglas Park and then proceeded on the Eisenhower expressway to the Loop. Throughout the trip, defendant was holding the pistol and occasionally would rub it against her face. He suggested raping her, but Melvin objected. While she was crying, Boyce told Franklin to calm her or he would blow her head off. The Loop was crowded and well lighted. At Monroe Street and Lake Shore Drive, a blue Chevrolet pulled alongside their car and Officer Jim De Leo showed his badge. After Boyce stopped the car at Randolph Street he and defendant cautioned her to be quiet and to act natural. When De Leo ordered everyone to leave the car, she exited and stood by Franklin.

*Morris Franklin*

He substantially corroborated the testimony of Joan Bellaire. In addition, he added that Boyce took a five dollar bill, a money order receipt, and a check stub from him. After the car had stopped at about Randolph Street and Lake Shore Drive, he jumped out and announced that defendant had a pistol in the back seat. Although he saw him holding a pistol Franklin always looked forward while they were driving. He identified a picture of defendant. He admitted that he had previously stated that defendant had searched him. Over defense objection, he stated that defendant had previously failed to appear and that arrest warrants had been issued. Defendant's motion for a mistrial on the basis of this testimony was denied by the trial court.

*Jim De Leo*

He was a deputy sheriff of Cook County on August 9, 1973. After having dinner and one drink with friends earlier in the evening, he was driving along Lake Shore Drive and came alongside Franklin's car at Monroe Street. Defendant was holding a gun in Bellaire's face. After Franklin jumped out of the parked car near Randolph he ordered the remaining passengers out of the back seat. Defendant was holding a pistol. When he gave a second command to exit and fired a shot into the air, defendant dropped the pistol and exited. He recovered a five dollar bill, a money order receipt and a check stub from defendant and the pistol from the floor of Franklin's car.

Chester Boyce and Walter Melvin testified on their own behalf. Since defendant has not adopted their testimony we will not discuss it in this opinion, but refer the reader to this court's decision, *People v. Boyce* (1976), 41 Ill. App. 3d 53, 353 N.E.2d 287.

During closing argument, defendant's counsel argued:

"And if you are going to do these deeds, you are going to pull your

car in a place where there are no people around, a place where you are not going to be seen. You are not going to go to downtown Chicago and then up Lake Shore Drive to get into a white neighborhood, not if you are a black fellow who lives around the West Side. You don't lose yourself in a white neighborhood. You lose yourself in the neighborhood where you come from."

During the State's rebuttal argument the prosecutor argued, over defendant's objections:

"There should be indignation. There should be anger at the attack on the system. There should be disgust that crime is committed on the streets, a crime where an off-duty Deputy Sheriff does what we hope in our hearts someone would do if we were in that position— * * *—are maligned—* * *are attacked. Do you honestly believe that the victims in this case were white people from Highland Park. * * * Or the North Shore, that you would have heard this conclusion? * * * Well, you wouldn't have. It's because they are black and it's because it happened on the West Side of Chicago that you heard this defense."

After judgment was entered, defendant presented his oral post-trial motion. No specific grounds for reversal were presented for the trial court's consideration. The State did not object to the form of motion. The trial court denied the oral motion and this appeal followed.

OPINION

■■■ Initially, the State argues that defendant has waived review of his contentions on appeal by failing to file a written post-trial motion in conformance with sections 116—1 or 116—2 of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1975, ch. 38, pars. 116—1 and 116—2.) To the contrary, the statutory requirements of sections 116—1 and 116—2 are waived by the State if a defendant makes a nonspecific oral motion for a new trial which is not objected to by the State. (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256; *People v. Flynn* (56), 8 Ill. 2d 116, 133 N.E.2d 257.) In the instant case, defendant's oral post-trial motion did not contain allegations of error. Nonetheless, the State failed to object or claim that it was prejudiced by the form of the motion. Consequently, he is not precluded from having his contentions reviewed on appeal.

■■ Defendant contends the references to his absence and to the issuance of warrants for his arrest deprived him of a fair trial. Evidence of his flight after indictment and before trial can be considered as one factor in determining his guilt. (*People v. Allen* (1959), 17 Ill. 2d 55, 160 N.E.2d 818.) In the instant case, his absence arose after several jury members had been selected. The trial court protected his right to a fair trial by advising the jury that although he was not present, he was still being represented by counsel. The court allowed defendant's counsel to explore for any

possible prejudice that may have arisen by the absence during the remaining *voir dire*. We cannot say that the trial court erred in subsequently allowing the jury to consider defendant's flight as some evidence of his guilt.

■■ Defendant also contends he was not proved guilty beyond a reasonable doubt. To the contrary, we believe the corroborating testimony of the three eyewitnesses, Bellaire, Franklin and De Leo, present overwhelming evidence of guilt and proof beyond a reasonable doubt. While the testimony of a single credible victim of the crimes would be legally sufficient to support a conviction (*People v. Clarke* (1971), 50 Ill. 2d 104, 277 N.E.2d 866), the evidence in this case is bolstered by the testimony of a disinterested third party who observed a crime in progress. Any inconsistencies in the testimony are of a minor nature and, in any event, would only affect the credibility of the witnesses. (*People v. Bergeron* (1973), 10 Ill. App. 3d 762, 295 N.E.2d 228.) The jury had ample opportunity to observe the demeanor of the State's witnesses, assess their credibility and weigh the evidence. The evidence showed that defendant confined Bellaire and Franklin against their will and that, while armed, he aided and abetted in the taking or attempted to take property from them. Based upon this record, we must reject defendant's contention that he was not proved guilty beyond a reasonable doubt.

■■ Defendant finally contends he was denied a fair trial by the State's improper conduct during closing argument. Conduct not objected to during argument and statements derived from exhibits and evidence properly before the jury will not be considered in this appeal. (*People v. Miller* (1958), 13 Ill. 2d 84, 148 N.E.2d 455, *cert. denied*, 357 U.S. 943, 2 L. Ed. 2d 1556, 78 S. Ct. 1394; *People v. Jordan* (1970), 121 Ill. App. 2d 388, 257 N.E.2d 536.) On the other hand, defendant timely objected to certain remarks related to the race of the victims and has preserved that issue for our consideration. We note that the prosecutor's statement was directed to the race of the victims and not to the defendant's race. The remark was not a direct slur against the defendant designed to arouse the prejudice of the jury. (See *United States ex rel. Kirk v. Petrelli* (N.D. Ill. 1971), 331 F.Supp. 792, *aff'd*, 492 F.2d 1245.) Moreover, the prosecutor's argument followed defense counsel's attacks on the life style and credibility of the State's witnesses and the plausibility of their version of the crime. After carefully reviewing all of the arguments presented, we believe the prosecutor's isolated remarks did not deprive defendant of his right to a fair trial.

The judgment of the circuit court is affirmed.

Affirmed.

BARRETT and SULLIVAN, JJ., concur.