THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VICTOR ZIELINSKI, Defendant-Appellant.

First District (3rd Division)   No. 77-1147

Opinion filed September 26, 1979.

Francis E. Andrew, of Andrew & Associates, of Chicago (Patrick G. Reardon and Lawrence J. Suffredin, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Myra J. Brown, and W. Michael Fay, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

At issue here is what to do when a criminal defendant absconds in the middle of his trial. The defendant absented himself during the last part of his jury trial. He was convicted of armed robbery (Ill. Rev. Stat. 1975, ch.

38, par. 18—2) and aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4) and sentenced to concurrent terms of 20 to 40 years and 3 years and 4 months to 10 years in the penitentiary. On appeal, Zielinski contends he was denied a fair trial (i) because the court did not wait two full court days in his absence before proceeding with his trial, as he claims is required by section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 115—4.1), and (ii) because the court admitted evidence of defendant's absence and permitted the State to argue to the jury during closing argument that defendant's absence during trial constituted flight indicative of a consciousness of guilt.

Jury selection began on Tuesday, January 11, 1977, and continued through Thursday, January 13, 1977. The State presented its first two witnesses on the latter date. The court then informed the jury that because of a court holiday the following day, Friday, January 14, there would be no proceedings and court would reconvene on Monday, January 17, 1977.

When the trial resumed, the defendant did not appear. His counsel said he had spoken to Zielinski's wife, who told him the defendant was on his way to court. Thereafter, the court found defendant's absence was for the purpose of avoiding prosecution and entered a bond forfeiture; the case was continued until the following day to give the defendant an opportunity to appear and explain his absence. The court also directed the five prosecution witnesses who were prepared to testify to return the following day.

On January 18, 1977, Zielinski again failed to appear, and at 2 p.m. defense counsel represented that he had made efforts to locate him, and had no personal knowledge of his whereabouts. The defendant's wife had told counsel her husband had not come home the previous evening. The assistant State's Attorney then represented that his office, after checking with the local penal facilities, had determined the defendant was not in custody and had not been arrested by Chicago police. The court was also advised that a police investigator had gone to the defendant's address at 11 a.m. on January 18, and no one answered the door.

The trial court ruled that it had complied with section 115—4.1 of the Code of Criminal Procedure of 1963 by waiting a period of two successive days and should now proceed with trial. The court added it did not believe the legislature had intended that the court was required to wait for 48 hours to elapse before continuing the trial. The court denied defense counsel's motions for a mistrial and for a continuance as well as counsel's motion to withdraw. The court instructed counsel to represent defendant as if he were present. The State then presented the rest of its evidence.

The following day, January 19, defense counsel informed the court that the defendant's wife told him the defendant had not been home the

previous evening. The court again found that Zielinski had willfully absented himself. The assistant State's Attorney represented that he had called a doctor who had formerly treated the defendant and the doctor said he had not recently treated the defendant. The court instructed the jury that the defendant was not present in person but was represented by counsel and through counsel maintained the plea of not guilty which he had previously entered. The court also informed defense counsel that if the defendant appeared or was located it would allow counsel to present the defendant's evidence if the defendant wished. On January 20, 1977, defendant had still not appeared and proceedings again resumed.

Cook County sheriff's policeman Richard Lobes testified for the State that on January 17, 1977, he was assigned to try to locate the defendant and went to his address around 9 a.m. and again at 9:15 p.m. He also unsuccessfully contacted the House of Correction, the Cook County Hospital, and the Cook County Jail.

During closing argument, the State argued defendant was a coward based on his actions and because he had "fled, we don't know where he is." Defense counsel in turn argued that to conclude the defendant was guilty of the charges because he was not present was wholly unwarranted. The State responded:

"Counsel says well, Victor might be somewhere else and don't jump to conclusions that he is guilty because he is not here. I couldn't agree with him more. Let's get the facts straight here. Victor, we don't know where he is but I think Victor bears some responsibility for not knowing—for our not knowing where he is. We know that he is not at his home, we know that he is not in jail, he is not in custody and we know that he was with us last Thursday and I submit to you the law entitles you to consider flight as one circumstance in weighing your verdict."

The court instructed the jury on the presumption of innocence and concerning the State's burden of proof; the court also instructed the jury that the defendant's failure to testify should not be considered by the jury in any way in arriving at its verdict. (Illinois Pattern Jury Instructions, Criminal, Nos. 2.03, 2.04 (1968).) On January 20, 1977, when the jury returned its verdicts, the defendant was still absent.

At the sentencing hearing on June 24, 1977, the assistant State's Attorney told the court that defendant was returned to the jurisdiction on May 2, 1977, after he was arrested in another State on the bond forfeiture warrant. Defendant denied being apprehended in another State, and claimed that he did not appear because he had a drug problem.

Defendant contends that the trial court was required to wait an additional day, after defendant had been absent on two successive court days, before proceeding to trial. The relevant statute provides:

"In any criminal trial, where a defendant after his trial commences willfully absents himself from court for a period of 2 successive court days, the court shall proceed with the trial. The absence of such defendant shall not operate as a bar to concluding the trial, to a judgment of conviction resulting therefrom, or to a final disposition of the trial in favor of the defendant. * * * The court may, after hearing and notice to the State's Attorney, vacate any judgment of conviction entered." Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1.

██ We conclude that the trial court did not err in proceeding with the trial in the defendant's absence once he had failed to appear on Monday and Tuesday. It is true that courts do not favor trials *in absentia* and a trial court should be loath to proceed with a trial in a defendant's absence, even where, as here, the trial has commenced. (*People v. Davis* (1979), 69 Ill. App. 3d 548, 388 N.E.2d 167.) Defendant contends that the court was required to wait until the second successive day, January 18, 1977, had fully expired before resuming the trial. But "a period of 2 successive court days" (Ill. Rev. Stat. 1975, ch. 38, par. 115—4.1) does not mean two complete court days, 48 hours at least, but only the interval between two successive daily calls of the case. In other words, if the defendant one day fails to appear at the time his case has been set to be called, the court should continue his case until the next court day, and if the defendant remains willfully absent, the statute directs the court to proceed.

We also conclude that the defendant was not prejudiced. His complaint is that the trial recommenced on Tuesday, January 18, rather than Wednesday, January 19. The trial recommenced in the afternoon of January 18. But the defendant did not appear on January 19 or January 20, 1977; he did not return until May 2, 1977, in custody. Thus, had the court waited through the afternoon of January 18 and reconvened on the 19th, this would have been of no benefit to the defendant.

The defendant also contends the trial court erred in allowing the State to present evidence of his flight (Officer Lobes' testimony) and should not have allowed the State to argue to the jury that such flight was indicative of his guilt. Defendant relies on *People v. Gregory* (1968), 95 Ill. App. 2d 396, 237 N.E.2d 720, which we find distinguishable. Counsel here was unable to explain defendant's absence; and during the trial, the judge found that the defendant had willfully and voluntarily absented himself to avoid prosecution, and forfeited his bond. The defendant in *Gregory* simply chose not to attend court.

██ Evidence of flight similar to the defendant's in this case has been allowed to go to a jury and this court has held that reference to a defendant's absence after his trial commenced and to the issuance of arrest warrants did not deprive him of a fair trial but could be considered

162

by the jury as some evidence of his guilt. *People v. Gary* (1976), 42 Ill. App. 3d 357, 361-62, 356 N.E.2d 135.

■ Further, this issue was waived by defendant's failure to include it as a ground in his post-trial motion. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) This requirement is sometimes relaxed in cases of plain error under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)), where the evidence is closely balanced; but the evidence here is overwhelming. The defendant was caught in the act of a home invasion according to the unrebutted testimony of the victim and the other witnesses.

The judgment of the circuit court is affirmed.

Judgment affirmed.

McGILLICUDDY and RIZZI, JJ., concur.