THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DOUGLAS EUGENE BROWN, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MONTE V. McGEE, Plaintiff-Appellant.

Fourth District   Nos. 4—88—0001, 4—88—0088 cons.

Opinion filed August 4, 1988.

Daniel D. Yuhas and Jane Raley, both of State Appellate Defender's Office, of Springfield, for appellant Douglas Brown.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant Monte McGee.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, Michael K. Blazicek, and William P. Ryan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

The defendants Douglas Eugene Brown and Monte V. McGee were each tried by a jury *in absentia,* convicted and sentenced on separate and unrelated charges in the circuit court of Macon County. On our own motion, we consolidate these cases for the purpose of review, because they raise substantially the same issue related to the trial judge's conduct during *voir dire* examination. In both cases, tried before the same judge, the judge informed the prospective jurors that the defendants had notice of the trials and had voluntarily chosen not to appear. In both cases, defendants argue they are entitled to a new trial, because the judge's comments implicitly told the jury the defendants had fled the jurisdiction, thus inviting the jury to presume the defendants were guilty because they did not appear for trial. We affirm in both cases.

Defendant Brown was charged with the offense of forgery and was released on his own recognizance. On August 20, 1987, Brown appeared with counsel and entered a plea of not guilty. On October 29, 1987, the cause was called for trial, and defendant did not appear. An arrest warrant was ordered, and on November 16, 1987, a jury trial was held in Brown's absence. Prior to *voir dire* examination, the trial judge explained to prospective jurors that the defendant had received notice of his trial date, and he had voluntarily chosen not to appear.

Robert and Linda Craig each testified at trial that a personal check, made to the order of Joanna Knotts, was written on a checking account they held jointly and had a signature purporting to be that of Linda Craig. They each testified, however, the check was written without their permission, they did not know the payee, and the signature was not that of Linda Craig. Don Allsop, a police officer, testified that defendant Brown admitted to him that, at Joanna Knotts' request, he had filled out the check, signed Linda Craig's name, and returned the check to Knotts. The defense presented no evidence. The jury returned a verdict of guilty of the offense of forgery.

Defendant Monte McGee was charged with the offense of retail theft with a prior retail theft conviction. During *voir dire,* a prospective juror expressed concern over the defendant's absence. The court asked whether the juror would still be troubled if he knew the defendant's absence was voluntary. Defense counsel objected, and the court indicated a belief that the jurors should know the defendant's absence was voluntary rather than that they were proceeding to trial without defendant's knowledge. The court denied defense counsel's motion for

a mistrial, and the juror was excused.

The evidence presented at the McGee trial indicated that a store security guard saw a man place two bottles of cologne inside his shirt. When the guard asked the man to come to a back room, the man asked to be able to tell his wife, who was waiting in their car. As the man walked out of the store, the guard asked his name. The man responded "Michael Reed" and hurried away. The guard identified a man in a photograph presented to him as the man he had seen take the cologne bottles.

John Beggs, a police officer, testified that the photograph the security guard had selected was of a man he knew as "Monte McGee." Beggs said that when he interviewed McGee, he denied committing the theft and said he had not been in that particular store for several months, but he could not account for his whereabouts at the time the theft was committed. Beggs said that although defendant admitted he had once given the name Michael Reed to a police officer, he was not Michael Reed and had used the name on only one occasion. Defense counsel presented no evidence, and the jury found defendant McGee guilty of retail theft with a prior theft conviction.

■ It is well established that a trial judge must refrain from conveying his personal opinion about the facts to the jury by his attitude, words, or intimations. (See, *e.g.*, *People v. Marino* (1953), 414 Ill. 445, 111 N.E.2d 534.) Defendants argue that the trial judge, by informing prospective jurors that defendants had absented themselves from the trial proceedings voluntarily, abandoned his role as an impartial arbiter and invited the jurors to speculate as to why the defendants were not present. Defendants maintain the jurors would thus assume, by defendants' absence, they were guilty and had fled the jurisdiction. They conclude that as a result of the judge's comments, they were deprived of their right to a fair trial.

We agree a trial judge must remain impartial and avoid influencing prospective jurors. We do not agree that the judge's comments in the instant cases invited speculation. The tendency of jurors to speculate as to the reasons for a defendant's absence inherently arises from the absence of the defendant. If the absence of either of these defendants was voluntary, that defendant or those defendants created the tendency to speculate and any prejudice that might have resulted to them. If the absence of either defendant was involuntary, the statutory provisions permitting them to be tried *in absentia* contain substantial safeguards.

■ The State is not permitted to proceed in a defendant's absence without first making a substantial showing that the absence is

voluntary. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(a).) That was done here in both cases. After a defendant has been convicted *in absentia*, he can gain a vacation of that conviction and a grant of a new trial by proving his absence was involuntary. (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1(e).) Such an opportunity has been available for both defendants here.

A juror speculating as to why a defendant tried *in absentia* is not present could conclude the State is unfairly trying the defendant when actually that defendant is voluntarily absent. Unlike the statutory procedures to protect the involuntarily absent defendant, no statutory procedures to protect the State exist. The explanation made by the court to the jury was in the context of a situation where the jury might conclude the State was taking unfair advantage of the defendants.

In *People v. Gary* (1976), 42 Ill. App. 3d 357, 356 N.E.2d 135, a defendant did not appear for trial and the court proceeded in his absence. During the making of opening statements, defense counsel mentioned that the defendant was absent and then stated the defendant was not on trial for bail jumping. The State objected. The appellate court opinion indicates that the court sustained the objection and then "instructed the jury that they might consider defendant's absence." (*Gary*, 42 Ill. App. 3d at 359, 356 N.E.2d at 136.) The court held no error resulted, because flight is a circumstance which can be considered as bearing upon guilt.

In *People v. Zielinski* (1979), 77 Ill. App. 3d 157, 395 N.E.2d 1020, a defendant absented himself from the court during the course of trial. The circuit court permitted a police officer to testify before the jury as to steps taken to locate that defendant. The appellate court, citing *Gary*, held the prosecutor properly argued to the jury that the evidence presented showing the likelihood the defendant had fled tended to prove the defendant's guilt.

■ We conclude the circuit court should not have told the jurors the defendants were wilfully absenting themselves. Rather, presentation to the jury of evidence concerning the reasons for the absence of the defendants should have been left to the prosecutor. As indicated in *Gary* and *Zielinski*, the defendants' voluntary absence was proof of their guilt. The problem of possible incorrect inferences by the jury as to the reasons for the absence could have been met in that manner. At the same time, that evidence could be used to support the State's case in chief. However, the evidence of the guilt of the two defendants was strong and undisputed. The *Gary* court found no error although the circuit court had apparently instructed the jury it could

consider the defendants' absence even though no evidence had then been presented on this question. The trial court's explanation was not couched in terms indicating the defendants' absence, though voluntary, was proof of guilt. We hold that no reversible error resulted.

The judgments of the circuit court of Macon County convicting and sentencing defendants Douglas Eugene Brown and Monte V. McGee are affirmed.

Affirmed.

KNECHT and SPITZ, JJ., concur.