THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CESAR GARZA, Defendant-Appellant.

Second District   No. 2—87—0593

Opinion filed March 20, 1989.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Cesar Garza, appeals from his conviction of delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(b)(2)). The sole issue on appeal is whether evidence of defendant's absence from trial was improperly commented on by the prosecutor.

On January 31, 1986, defendant was arrested at the Highlake Tap for allegedly delivering cocaine to an undercover police officer. In March 1986, defendant was indicted on three counts of delivery of a controlled substance. Count III was severed from counts I and II. On November 19, 1986, defendant was convicted of count II and sentenced on January 5, 1987, to an extended term of 18 years. Defendant's bond was not revoked.

Also on January 5, 1987, defendant was informed that the trial on count III was set for January 7, and if he did not appear, he would be tried *in absentia*. On January 7, 1987, defendant did not appear in court. His attorney stated that after the January 5 hearing, defendant decided that he wanted a jury instead of a bench trial. Defense counsel requested a continuance to prepare for a jury trial, and the cause was continued to February 11. The court issued a warrant for defendant's arrest. When defendant failed to appear on February 11, the case was set for a jury trial on March 3, 1987.

At a pretrial hearing, the court advised counsel that he would inform the jury that although defendant was absent from trial, defendant was to be presumed innocent. The court decided that it would not reveal the details of defendant's absence.

During opening statements, the prosecutor informed the jury that defendant failed to appear on January 7, 1987; that a warrant was issued for his arrest; and that defendant forfeited a $350,000 bond.

Defense counsel failed to object to these statements.

The State's main evidence against defendant was the testimony of the complaining witness, special agent Emad Eassa. Eassa testified that he met defendant at the Highlake Tap on three occasions to discuss and purchase cocaine from defendant. Eassa testified that he used the name "Eddie" and told defendant that he lived in Chicago. Eassa drove an undercover car with the license plate number YRC 520. Eassa described how each time he met with defendant he would call the bar to contact defendant. Eassa related that on January 31, 1986, he telephoned the bar and was instructed to call the public phone in the lobby of the bar. When Eassa dialed that number, defendant answered. Eassa told defendant that he wanted to buy cocaine. Defendant told Eassa to meet him at the bar.

Eassa further testified that when he arrived at the bar, defendant was not there. Eassa left the bar for about an hour and returned at approximately 8 p.m. At that time, defendant was playing pool in the bar. Eassa bought defendant a drink and then left the bar to inform the undercover officers waiting outside that he was going to try to purchase cocaine from defendant.

When Eassa returned to the bar and approached defendant, defendant told Eassa that he did not want to sell $3,500 worth of cocaine to him because defendant did not know Eassa well enough. Eassa, however, persuaded defendant to sell him $3,500 worth of cocaine. Eassa again left the bar and returned at approximately 9:15 p.m. Defendant then told Eassa to go to the men's room, where he would find something in the toilet paper roll. Defendant instructed Eassa to leave the money in the toilet paper roll. Defendant told Eassa that no one would be in the bathroom. Eassa found a bag filled with white powder, which subsequently tested positive for cocaine, in a toilet paper roll on top of the toilet tank. At that point, Eassa gave the signal to the officers waiting outside to arrest defendant.

Upon searching defendant's pockets, the police found an address book, three small folded paper packets containing a white powdery substance, and $3,255. The white powder also tested positive for cocaine. Copies of pages from the address book were admitted into evidence. One page of the book had the figures YRC 520 written on it. On another page, "Eddie/Chi" was written. The rest of the book was filled with numbers and names.

On cross-examination, Eassa stated that he was the only undercover officer in the bar that night and there were no witnesses to the transaction. He also admitted that he was not searched prior to

entering the bar to make the buy.

The State also presented evidence that after defendant failed to appear in court on January 7, 1987, a warrant was issued for his arrest. Police officers went to defendant's house, but he was not there. Further attempts to locate defendant were limited to police officers driving by defendant's house several times. The State also presented evidence that defendant forfeited $35,000 he had posted for bond. Defense counsel did not present any evidence.

Out of the presence of the jury, the State notified the court of its intention of commenting on defendant's absence from court. Over defense counsel's objection, the court permitted it stating, "Yes, you can make reference [to defendant's absence], and it already has been done during the course of the trial. My only suggestion would be not to dwell on the issue." In its closing argument, the State did not mention defendant's absence from trial. Defense counsel did not raise the issue of defendant's absence during his closing argument.

During rebuttal argument, the prosecutor argued:

"The Defendant, Cesar Garza, has a right to a fair trial. You have given him a fair trial, even though under our system of justice, he gets that fair trial even when he flees prior to trial. He has been identified through a mug shot photograph that was taken of him the night of his arrest. He has fled. But he still gets a fair trial, and we must give him a fair trial and give him the benefit, the presumption of innocence, and hold us to our burden of proof.

*** However, you can consider his flight and the reasons why he may have fled. He fled from court knowing that he had a trial date coming January 7, 1987. We haven't seen or heard from him since."

Defense counsel did not object to this argument. The court did not give the jury a flight instruction when the jury retired. The jury found defendant guilty, and the court entered judgment on the verdict.

Subsequently, the court learned that defendant was in custody in Texas. Sentencing was continued until defendant could be extradited to Illinois. On June 9, 1987, defendant moved for a new trial on the basis of the State's allegedly improper remarks about defendant's absence from trial. The court denied the motion, finding that evidence of flight is proper circumstantial evidence of guilt.

At his sentencing hearing, defendant testified that he left Illinois in January because his mother, who lived in Texas, was ill. Defendant decided to visit her because he feared she would die before he would

be released from prison. In addition to going to Texas, defendant also went to Mexico to visit relatives. When defendant crossed the border to return to the United States, the border guards arrested him upon their discovery that he was wanted in Illinois. On cross-examination, defendant admitted that he fled to avoid prosecution. The court sentenced defendant to a 26-year term of imprisonment on count III of the charge to be served concurrently with his 18-year sentence on count II. Defendant filed a motion for a new trial, which was denied.

On appeal, defendant contends that the State's remarks regarding his absence from trial denied him a fair trial. The State contends that defendant waived this issue because defense counsel did not object during the rebuttal argument. In response, defendant argues that since the issue of whether the State could comment on defendant's absence in its closing argument was decided against defendant prior to closing arguments, any objection during closing arguments would have been futile. Defendant does not cite any cases in support of this proposition. Nonetheless, we agree.

■■ We reject the State's contention that, because defendant's counsel failed to object during the prosecutor's oration, defendant failed to preserve the issue for the purpose of review and thus waived our consideration of it. Although defendant's counsel failed to object at trial, such an objection would have been futile in light of the court's earlier *in limine* ruling that the State could so comment to the jury, and that the jury could consider defendant's absence from the trial as some evidence of guilt of the offense charged.

In fact, the court had two opportunities to rule on whether the State could comment on defendant's absence from trial. At the motion *in limine*, a hearing was held, counsel presented legal arguments, and the trial court ruled as a matter of law that evidence of defendant's flight could be commented on by the State. Defendant also raised this issue in his post-trial motion; thus, the court was given the opportunity to reconsider the alleged error. Given the fact that the issue underlying defense counsel's original objection was squarely presented and decided by the trial court, the rationale underlying the waiver rule was satisfied. (See *People v. Brownell* (1984), 123 Ill. App. 3d 307, 462 N.E.2d 936.) The issue on appeal was not waived, and we undertake to resolve it. *People v. Krug* (1981), 97 Ill. App. 3d 938, 424 N.E.2d 98.

■■ Defendant argues that when he failed to appear for trial, he waived his constitutional right to be present, but when the State informed the jury that it could consider his absence in determining his

guilt, the State drew an inappropriate analogy comparing defendant's absence from trial to flight from a crime scene. Defendant maintains that when the State drew the analogy of absence from trial with guilt of the substantive offense without foundation, that is, without explaining the reasons for defendant's absence, which were admittedly unknown at the time, it destroyed defendant's chance of having a fair trial. We note that defendant fails to cite any authority for this proposition, in violation of Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)), nor does defendant suggest that he is arguing a novel issue or arguing for a change in existing law. Instead, defendant cites only *People v. Gregory* (1968), 95 Ill. App. 2d 396, 237 N.E.2d 720, where the appellate court concluded that the defendant had a right to waive his right to be present during the conduct of his trial, and his presence or absence of any time was not a matter for comment or evidence by the State. The court noted that the defendant's continued absence from the courtroom must have been obvious to the jury during the trial, and, additionally, counsel for the defendant had stated several times before the jury that the defendant stood mute. The *Gregory* court held that the error was harmless in any event. We conclude that the holding of the *Gregory* court is distinguishable under the facts of that case, where it was never contended that defendant's absence was by reason of flight from trial as in the present case. (See *People v. Zielinski* (1979), 77 Ill. App. 3d 157, 395 N.E.2d 1020.) Here defendant confirmed at sentencing that he wanted to avoid the instant criminal proceedings although he also predicated his absence on the alleged illness of his mother.

In *People v. Gary* (1976), 42 Ill. App. 3d 357, 356 N.E.2d 135, the appellate court held that no error resulted where the trial court instructed the jury that it might consider the defendant's absence from trial because flight is a circumstance which can be considered as bearing upon guilt. (*Gary*, 42 Ill. App. 3d at 359, 356 N.E.2d at 136.) In *People v. Zielinski* (1979), 77 Ill. App. 3d 157, 395 N.E.2d 1020, the court, citing *Gary*, held that the prosecutor properly argued to the jury that the evidence, showing the likelihood that the defendant had fled, tended to prove the defendant's guilt of the substantive offense for which he was being tried.

In *People v. Brown* (1988), 172 Ill. App. 3d 1044, 527 N.E.2d 629, the appellate court concluded that the trial court should not tell jurors that defendants were willfully absenting themselves, but that it was for the prosecutor to present to the jury evidence concerning the reasons for the absence of the defendants from which the jury would draw its own conclusions. (*Brown*, 172 Ill. App. 3d at 1047,

527 N.E.2d at 632.) Nonetheless, the court found no error since the court's statement in that case was not couched in terms indicating that the court was suggesting that the defendants' absence, though voluntary, was proof of guilt. The error was harmless.

In *People v. Allen* (1959), 17 Ill. 2d 55, 160 N.E.2d 818, the supreme court of Illinois determined that the fact that the defendant had fled the State after indictment for burglary and before trial was some evidence of guilt. But see *People v. McInnis* (1980), 85 Ill. App. 3d 109, 406 N.E.2d 199 (where the prosecutor made comments on defendant's absence by stating that the defendant had a responsibility to face the consequences of his actions and that he failed to do so. Additional remarks were made during the prosecutor's rebuttal. The appellate court characterized the prosecutor's statements as "ill-advised," without citation of authority, but stated that they would not automatically warrant a reversal unless they resulted in substantial prejudice).

That defendant had voluntarily absented himself from the trial was a reasonable inference to be drawn by the jury. It was made aware of the fact that defendant failed to appear for trial both on January 7 and January 11, the continued date and that his $350,000 bond had been forfeited. Therefore, we conclude that it was not error for the prosecutor to comment to the jury on the absence of defendant during trial and that it was appropriate for that fact to be brought to the attention of and considered by the jury as evidence of a consciousness of guilt.

The judgment of the circuit court is affirmed.

Affirmed.

McLAREN and DUNN, JJ., concur.