THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY WAYNE STANLEY, Defendant-Appellant.

Fourth District    No. 12869

Opinion filed December 2, 1976.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a jury trial, the defendant Gary Wayne Stanley was found guilty of the offense of burglary and was sentenced to a term of imprisonment of not less than 6 years nor more than 18 years.

Defendant argues two issues on review as grounds for reversing the judgment of conviction or alternatively for reversing and remanding for a new trial. First, defendant contends that he was not found guilty of burglary beyond a reasonable doubt. Second, he claims he was denied effective assistance of counsel at the trial.

In order to decide whether defendant was proven guilty of burglary beyond a reasonable doubt a brief survey of the evidence preserved in the record is necessary. Officer Watson, a Champaign police officer, testified to observing a car at approximately 3:45 a.m. when the taillights suddenly appeared approximately a mile or half-mile ahead. As he proceeded down the road in the direction of the taillights the car turned around and then approached and passed the officer going the other way. Watson was able to observe and record the license number as either WY 5327 or WY 5387. He described the driver as young, white, with brown hair and a thin face. As he reached the area where the car had first appeared he discovered a cash register lying off to the side of the road or street, which had been broken into.

From the markings on the keys the three officers, Watson, O'Neal and Shaffer who were present determined it had probably been taken from a gas station. After obtaining a local address from the two possible license plate numbers the three police officers proceeded to an address where defendant lived. They examined a vehicle parked in the driveway and determined that the car had been driven rather recently from the warm temperature of the hood and grill. After speaking with defendant and his mother and after defendant admitted driving the car recently on returning from Danville, the police obtained consent to inspect the

vehicle. They observed a pool of liquid on the driver's side of the floormat that smelled similar to an oily cleansing fluid. The police also observed that defendant was bleeding from a cut on one of his ankles.

The house was then put under surveillance. Subsequently a burglary at Bicker's Gulf Station was reported on police radio. Officer Shaffer went to Bicker's Station. There both he and the owner smelled a very strong odor coming from a cleaning solvent that had been spilled during the entry by the burglar. The similarity of the odor of the spilled solvent and the odor of the liquid on defendant's floormat was noted at that time. In addition it was discovered that a window pane of the bay door had been broken out and what appeared to be a spot of blood was on the wood around the broken window. The clock at the station was stopped at approximately 3:15 a.m. It had apparently been unplugged by the burglar upon unplugging the cash register in the darkened room. Upon returning to defendant's address the police obtained permission to search defendant's room and ultimately permission to search a dryer where defendant's pants were found. Officer Shaffer noted the same smell of solvent on the pants as he had at the gas station and in defendant's car. Officer O'Neal also noted a similarity between the smell of the liquid on the floormat and defendant's pants. Several defense witnesses sought to establish that defendant had cut himself on the foot in a fight with his brother over a week earlier and that aggravation of the wound upon removal of his sock caused it to bleed again.

■■ All the evidence proving defendant's guilt was circumstantial. It is well settled that proof of an offense can be effectively and entirely established by circumstantial evidence. In *People v. Gorsuch*, 19 Ill. App. 3d 60, 70, 310 N.E.2d 695, 702 (1974), it was stated "that the commission of an offense may be established entirely by circumstantial evidence it being necessary only that the proof of circumstances must be of a conclusive nature and tendency, leading on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime." Without repeating in detail all the evidence contained in the record from which the jury could properly draw inferences of defendant's guilt, we are satisfied the jury found defendant guilty of burglary beyond a reasonable doubt. Inferences of guilt drawn by the jury from circumstantial evidence should be accepted on appeal unless the inferences are inherently impossible or unreasonable. *People v. Edwards*, 21 Ill. App. 3d 354, 315 N.E.2d 91 (1974); *People v. Dunham*, 13 Ill. App. 3d 784, 300 N.E.2d 328 (1973).

In this case there was a great similarity between the description of the car observed by the police near the place where the stolen cash register was found and the car in defendant's mother's driveway. The license plate number observed by the police near the scene of the discovery of

the cash register matched the car defendant admitted he had recently been driving. The description of the driver of the car given by the police was similar to defendant's appearance. The evidence of the broken windows at the gas station and defendant's cut on his ankle is very incriminating evidence.

■■ The most damaging evidence to defendant was the spilled solvent at the burglarized gas station and the testimony of the investigating police of a distinctive strong and similar smell of the solvent in the car defendant had been driving and on his pants. We believe the inferences of guilt drawn by the jury are reasonable and are not inherently impossible.

■■ Defendant also argues that he was denied effective assistance of counsel at the trial. Specifically defendant complains his court-appointed trial counsel's failure to introduce an F.B.I. laboratory report for the presence of the cleaning solvent on defendant's pants and floormat was incompetency. Defendant claims the negative results of this report would have counteracted the persuasive impact of the police testimony as to the similarity of the smell of the solvent spilled during the burglary to the smell on defendant's pants and on the car floormat. The same F.B.I. report purportedly disclosed human type A blood near the broken window which would incriminate defendant because of his obvious bleeding wound on his ankle. The State offered to stipulate to the *results* on that report. Obviously defense counsel decided that the verification of blood left at the scene and emphasis upon the wound on defendant's ankle was of more harm than the value of the report regarding the absence of cleaning fluid. The report itself, contrary to the claim on appeal, is not admissible. *People v. Carpenter*, 28 Ill. 2d 116, 190 N.E.2d 738 (1963); Ill. Rev. Stat. 1973, ch. 38, par. 115—5(c)(2).

■■ The standard to be applied in deciding whether trial counsel is competent is well settled. "Incompetency of counsel such as to constitute a denial of an accused's right to counsel is conduct of such a defective character as to make the defense a farce." (*People v. Dean*, 31 Ill. 2d 214, 218, 201 N.E.2d 405, 407 (1964).) To be incompetent the representation by counsel must be so poor as to amount to no representation at all or to reduce the proceedings to a farce or mockery. (*People v. Torres*, 54 Ill. 2d 384, 297 N.E.2d 192 (1973).) Applying this standard to the case at bar we hold defendant was adequately represented by competent counsel.

A stipulation to the results of the F.B.I. report would not have overwhelmingly negated the other strong incriminating evidence of guilt. Because the same report included other damaging evidence of the presence of blood near the broken window, we are persuaded that the decision to not attempt to introduce the report or to stipulate to its results was an exercise of trial counsel's judgment and discretion and was a matter of trial tactics properly beyond the scope of our review. *People v. Witherspoon*, 55 Ill. 2d 18, 302 N.E.2d 3 (1973).

For the reasons stated the judgment of the Circuit Court of Champaign County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.