THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EVERETT JUNIOR CONOVER, Defendant-Appellant.

Third District    No. 78-255

Opinion filed April 9, 1980.

STOUDER, J., dissenting.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Patrick J. Corcoran, State's Attorney, of Carthage (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Everett Junior Conover was convicted of burglary, and was sentenced to a six-year term of imprisonment. At the sentencing hearing, the trial judge noted defendant's prior record and his failure to appear for sentencing. As aggravating factors, the court cited defendant's prior record, the need for deterrence and the fact that defendant received compensation for the offense by receiving part of the proceeds. No mitigating factors were found. On appeal defendant challenges the lawfulness of the sentence, alleging that the trial court improperly considered the fact that defendant received some of the proceeds of the burglary as the aggravating factor of receiving compensation for committing the offense.

Section 5—5—3.2 of the new sentencing act (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2) lists seven factors in aggravation which are to be accorded weight in favor of imposing a term of imprisonment or as reasons to impose a more severe sentence. One of these factors is that "the defendant received compensation for committing the offense." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(2).) Defendant

contends that the trial court erred in finding this factor to be present in the instant case where his only "compensation" was a share of the items taken in the burglary.

No cases or statutes have been cited to us defining the word "compensation" as used in criminal law, nor are we aware of any authorities assigning a specialized meaning to the word. In the context of section 5—5—3.2, we think the word is used in the ordinary sense, meaning "payment" or "remuneration." (See Webster's Third New International Dictionary 463 (1971).) Defendant argues that this aggravating factor should be considered only in those cases where someone not involved in the actual commission of the crime has paid the defendant to commit the crime.

We note that the legislature could easily have used language similar to that used in section 9—1(b)(5), where one of the aggravating factors for imposition of the death penalty is stated as follows:

> "5. The defendant committed the murder pursuant to a contract, agreement or understanding by which he was to receive money or anything of value in return for committing the murder * * *." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 9—1(b)(5).)

However, different language was used for aggravating factors affecting a sentence of imprisonment.

We believe the legislature intended "compensation" in the sentencing act to include both crimes for hire and crimes where items or money are taken. Thus, where a defendant receives payment by sharing in the proceeds of the crime, the trial court may consider that an aggravating factor in determining sentence.

Since the trial court did not err in considering this aggravating factor in the case at bar, the judgment of the Circuit Court of Hancock County is affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I respectfully disagree with the opinion of my colleagues. In my opinion the term "compensation" as used in the statute is not intended to refer to the proceeds of the offense.

As the majority has indicated, and I agree with such indication, there are no cases interpreting the term "compensation" nor any comments from which the intention of the drafters can be inferred. The issue raised in this case is not one of great significance, and no great rules of law will be affected by the outcome in this case. However, it is the little questions

which make up the fabric of our legal system, and I think that at least the uncertainty of the statutory provision ought to be pointed out and a reasonable construction ought to be adopted.

The phrase in the statute does not merely state "compensation" but "* * * compensation for committing the offense." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2(2).) It seems to me this phrase refers to the commission of an offense for hire only and does not refer to the value of proceeds from an offense. I think the majority's reference to the "murder for hire" provision offers little support for its conclusion because the term "compensation" does not appear in that section. If the intent of the statute was to refer to the value of the proceeds received as an element or part of the offense, the statute could have easily described such circumstance. If one substitutes the majority's synonym of "payment" for the term "compensation," we have the provision referring to "payment for committing the offense," which suggests that the offense was committed pursuant to some kind of an agreement or contract and implies necessarily that it was something other than the commission of the offense itself.