THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STACEY NEDELCOFF, Defendant-Appellant.

Fifth District   No. 79-502

Opinion filed August 8, 1980.

John H. Reid and Thomas W. Mansfield, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Martin N. Ashley and Christopher S. Carroll, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Appellant, Stacey Nedelcoff, was convicted in a bench trial of armed robbery and sentenced to 15 years imprisonment. On appeal he contends that he was not proved guilty beyond a reasonable doubt and that the trial court improperly considered during sentencing apparent perjury on appellant's part, failed to consider certain mitigating factors, and issued an excessive sentence. We affirm.

Defendant was charged by information filed April 26, 1979, with armed robbery. It was alleged that he, along with two other individuals, robbed at gunpoint a Parkview Convenience Center store in Marion, Illinois, on February 21, 1979, of $833. A bench trial was held June 25 through 27, 1979, with numerous witnesses testifying. The parties generally agree on the testimony given, and no purpose would be served by setting it forth here.

Appellant first contends that he was not proved guilty beyond a reasonable doubt by either circumstantial or direct evidence. We have carefully examined this contention and find it to be without merit. The trial judge observed all witnesses and heard this testimony. Such being the case, it is presumed that he considered and weighed only proper evidence (*People v. Robinson* (1964), 30 Ill. 2d 437, 439, 197 N.E.2d 45; *People v. Martinez* (1979), 76 Ill. App. 3d 658, 663, 395 N.E.2d 124), and any conflicts in the evidence are better left to the trial rather than the appellate court. (*People v. Villalobos* (1979), 78 Ill. App. 3d 6, 11-12, 396 N.E.2d 1081; *People v. McLaren* (1979), 77 Ill. App. 3d 368, 372, 395 N.E.2d 1219.) While much of the evidence was circumstantial, such evidence alone is sufficient to support a conviction. (*People v. Stanley* (1976), 44 Ill. App. 3d 85, 87, 358 N.E.2d 69.) In view of the competent, relevant evidence of guilt introduced at trial, we hold that appellant was proved guilty of armed robbery beyond a reasonable doubt.

Appellant also contends that the trial court improperly considered what it thought was perjury on the part of appellant when he testified. During sentencing, the trial judge stated:

"I am considering, and the United States Supreme Court has indicated that I can consider, that if somebody takes the witness stand and tries to lie his way out of it—which I think Mr. Nedelcoff clearly did—that he hasn't shown any remorse for this crime. * * *

I think maybe he is just irresponsible—I think Mr. Nedelcoff is an irresponsible person * * *."

The parties agree that the case at issue is *United States v. Grayson* (1978), 438 U.S. 41, 57 L. Ed. 2d 582, 98 S. Ct. 2610, wherein the Supreme Court held that "the defendant's readiness to lie under oath—especially when, as here, the trial court finds the lie to be flagrant—may be deemed probative of his prospects for rehabilitation." (438 U.S. 41, 52, 57 L. Ed. 2d 582, 591, 98 S. Ct. 2610, 2617.) Appellant relies on our case of *People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649, for the proposition that such a consideration is improper because it denigrates the defendant's right to a trial on the perjury charge. However, the Supreme Court in *Grayson* denied that consideration of perjury equaled punishment therefor. Rather, the court noted:

"[I]t is proper—indeed, even necessary for the rational exercise of discretion—to consider the defendant's whole person and personality, as manifested by his conduct at trial and his testimony under oath, for whatever light those may shed on the sentencing decision. * * * The Government's interest, as well as the offender's, in avoiding irrationality is of the highest order. That interest more than justifies the risk that Grayson asserts is present when a sentencing judge considers a defendant's untruthfulness under oath.

* * *

* * * No rule of law, even one garbed in constitutional terms, can prevent improper use of firsthand observations of perjury. The integrity of the judges, and their fidelity to their oaths of office, necessarily provide the only, and in our view adequate, assurance against that." 438 U.S. 41, 53-54, 57 L. Ed. 2d 582, 591-92, 98 S. Ct. 2610, 2617-18.

Moreover, appellant's argument that consideration of alleged perjury would chill his and other defendants' desire to testify on their own behalf was addressed by the *Grayson* court.

"Grayson's further argument that the sentencing practice challenged here will inhibit exercise of the right to testify truthfully is entirely frivolous. That argument misapprehends the nature and scope of the practice we find permissible. Nothing we say today requires a sentencing judge to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false. Rather, we are reaffirming the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine—with a consciousness of the frailty of human judgment—whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge

gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society. Awareness of such a process realistically cannot be deemed to affect the decision of an accused but unconvicted defendant to testify truthfully in his own behalf." 438 U.S. 41, 55, 57 L. Ed. 2d 582, 592-93, 98 S. Ct. 2610, 2618.

We do not believe the rationale of *Grayson* should be, or is, limited to the Federal courts. As the State points out, the first and second appellate districts have agreed that defendants' veracity is a factor indicative of rehabilitative potential. (*People v. Genovese* (1978), 65 Ill. App. 3d 819, 382 N.E.2d 872; *People v. Hayes* (1978), 62 Ill. App. 3d 360, 378 N.E.2d 1212.) Moreover, even though our *Greenlee* opinion was filed prior to *Grayson*, we held that the trial court there "had not considered the alleged perjury in connection with determining the defendant's potential for rehabilitation but had considered it as [a] separate crime deserving special punishment as part of the sentence * * *." (44 Ill. App. 3d 536, 544-45.) As noted above, the Supreme Court in *Grayson* strictly prohibited the latter practice, and, therefore, we view *Greenlee* as consistent with *Grayson*. Accordingly, we find no error with the trial court's consideration of appellant's veracity during sentencing as it related to remorse and rehabilitation.

Finding appellant's remaining contentions to be without merit, we affirm the judgment of the circuit court of Williamson County.

Affirmed.

KARNS and SPOMER, JJ., concur.