THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES K. KRUG, Defendant-Appellant.

Third District    No. 80-677

Opinion filed July 15, 1981.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Timothy J. Slavin, State's Attorney, of Morrison (Robert J. Biderman and Garry W. Bryan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal is from the orders of the Circuit Court of Whiteside County which revoked the defendant's probation and sentenced him to a 1-year term of imprisonment. The court also ordered him to pay the sum of $2,103.07 in restitution. The defendant presents two issues for review: whether the circuit court improperly considered the receipt of the proceeds of his offense as compensation for committing the offense an aggravating factor (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(2)); and whether the court erred in ordering the defendant to make restitution. We affirm the revocation order, vacate the sentencing order, and remand for resentencing.

On August 1, 1980, the defendant pleaded guilty to the offense of deceptive practices and was sentenced to 18 months of probation and

ordered to pay $2,103.07 in restitution at the rate of $30 per week. Then on October 15, 1980, the State filed a petition for revocation of probation, alleging that the defendant had failed to make restitution as ordered and had delivered a check for $576.95 in exchange for goods knowing the check would not be paid. At the hearing to revoke, he admitted to giving the check for $576.95 to Midwest Hi-Fi which had been returned unpaid, but he said he would shortly have sufficient funds to cover the check. He further admitted he failed to make any restitution payments to Whiteside County as ordered, but he had paid in full one victim and arranged a private repayment schedule with another. In regard to scheduled probation visits, he admitted he saw his probation officer only once, but he claimed to have called her for every missed visit. The court found the State had proved the charges beyond a reasonable doubt and revoked the defendant's probation.

At the sentencing hearing, the State suggested that the defendant be sentenced to a term of imprisonment. The defendant testified, saying private restitution payments had been made, and he would abide by the terms of his probation if it were continued. The defendant's father also testified, noting that he helped the defendant make the restitution payments and only one item from the original debt of $2,103.07 remained.

Following the introduction of this testimony and the presentence report, counsel argued the various sentencing alternatives. In reviewing the statutory factors in aggravation and mitigation, the state's attorney considered the booty of the defendant's offense as compensation for his conduct an aggravating factor according to section 5—5—3.2(a)(2) of the Unified Code of Corrections. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(a)(2).) The defense urged the court to continue the defendant's probation. The defendant's offense of deceptive practices was punishable as a Class 4 felony (Ill. Rev. Stat. 1979, ch. 38, par. 17—1(B)) and exposed him to a maximum of 30 months probation (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—2(a)(2)) or to a term of imprisonment not less than 1 year nor more than 3 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(7)).

In imposing the sentence, the circuit court said:

> "I'm inclined to believe the statements suggested by the State's Attorney and disagree with those suggested by the Public Defender.
>
> I show on the docket that the defendant is in court in person and with his attorney Dunagan, PD. People represented by Slavins, State's Attorney. Hearing on sentence. PSI considered. Judgment and sentence of the court: Defendant be committed to the Department of Corrections for one year."

Later that same day the court filed a sentencing order concerning the

instant cause. The typewritten order accurately showed the aforementioned oral order, but it also included a handwritten addendum, initialed by the circuit judge, that ordered the defendant to make restitution in the sum of $2,103.07 on or before November 26, 1982.

The defendant's first contention is three-fold: that the court in reading its sentencing determination considered, at least in part, the State's argument that the defendant had received compensation for his offense when the court said it was "inclined to believe the statements suggested by the State's Attorney"; that the State's assertion was since proved incorrect by the recent supreme court decision of *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906; and that because we are uncertain as to the extent the court considered this improper sentencing factor, we must remand the cause for resentencing. We find this argument convincing and accordingly vacate the sentencing order and remand for resentencing.

■■ We first dispose of the State's contention that, because the defendant failed to object during the State's presentation of the question in issue, the defendant failed to preserve the issue for purposes of review and thus waived it. Although the defendant did fail to object at trial, such an objection would have been futile because our decision of *People v. Conover* (1980), 83 Ill. App. 3d 87, 403 N.E.2d 708, which permitted the use of the receipts from property-related offenses to be considered as compensation, was still in effect at the time of the instant sentencing hearing. Given the uselessness of such an objection and the intervening event of the supreme court overruling our *Conover* ruling, we choose not to invoke the waiver rule with its inherent harshness in the case at bar.

■■■ Given the paucity of the record on the elements in mitigation and aggravation actually considered by the circuit court in imposing its sentence, we are compelled to accept the defendant's suggestion that the court considered the entire argument advanced by the State in favor of aggravation when the court stated it felt "inclined" to believe that argument. Surely this suggestion of incorporation by reference is more reasonable than the State's suggestion that the court instinctively disregarded the "proceeds of the theft as compensation" argument which, when presented originally, was a valid factor in aggravation. Even if we were to accept the State's contention that the court considered only portions of the State's sentencing statement, the sentence still must fall, because the court utterly failed to specify on the record any evidence or sentencing factors leading to its determination and thus violated section 5—4—1(c) of the Unified Code of Corrections. Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c).

■■■ The State concedes that after the supreme court's decision in *Conover*, a sentencing court cannot consider the proceeds of a property-

related offense as compensation, but argues that in the case at bar such consideration amounted to harmless error in light of the other aggravating factor, namely the defendant's history of prior criminality, and the court's imposition of the statutory minimum sentence of imprisonment. We disagree for two reasons. First, *Conover* shows that where a reviewing court cannot determine how much weight the improper factor was accorded, as in the case at bar, the cause must be remanded for reconsideration. This is so even where other aggravating factors existed. Second, even though the sentence imposed was the minimum sentence of imprisonment available for the defendant's Class 4 felony, the court possibly considered and was influenced by this improper aggravating factor when it decided against imposing other available and less egregious kinds of dispositions. For example, extended probation or periodic imprisonment were possibilities. Thus, the circuit court erred when it considered the proceeds of the defendant's crime as compensation, which resulted in substantial prejudice to the defendant.

The defendant's second contention is that the circuit court erred in ordering him to make restitution in the amount of $2,103.07 for the following three alternative reasons: the written sentencing order, by ordering the defendant to pay restitution, modified the defendant's sentence meted out orally in violation of section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(c)); the sentencing court failed to adequately assess the defendant's financial capacity to make restitution as required in section 5—5—6(a) (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6(a)); and the sum of $2,103.07 in restitution ordered by the court failed to consider the private arrangements entered into between the defendant and his father and the creditor-victims.

■■ We vacate the restitution order on the ground that the court failed to ascertain the defendant's future ability to make restitution. The relevant section provides:

> "A pre-sentencing hearing *shall be held* to assess the financial capacity of the defendant to make restitution as well as to determine the amount and conditions of payment at the court's discretion." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6(a).

Although the court delved into the reasons for the defendant's failure to make past restitution, the record contains little evidence for the court to have ascertained the defendant's future ability to pay the amount owing in restitution. Such a failure is understandable because the State never requested the relief of restitution during the instant sentencing hearing. The failure to develop an adequate basis for the restitution order was evinced by the final sum of $2,103.07 ordered by the court. The court

originally ordered this sum to be paid as a condition of the defendant's probation. Although he made no restitution payments to the county clerk, the defendant and his father gave undisputed testimony that they had substantially reduced this debt through private arrangements with the creditor-victims. Thus, the sum of $2,103.07 ordered by the court in the instant case appears to be incorrect. In addition to developing a more complete basis for ordering restitution upon our remanding this cause for resentencing, the circuit court, should it find that the defendant does have the ability to make restitution, must give the defendant proper credit for payments made pursuant to the private restitution agreements.

Accordingly, we affirm the revocation of probation entered in the Circuit Court of Whiteside County, vacate the sentencing order, and remand the cause for resentencing.

Affirmed in part, vacated in part and remanded.

ALLOY and STOUDER, JJ., concur.