THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DENNIS L. BOATRIGHT, Defendant-Appellant.

Second District   No. 84—0937

Opinion filed November 6, 1985.—Rehearing denied January 10, 1986.

G. Joseph Weller and Mary K. Schick, both of State Appellate Defender's
Office, of Elgin, for appellant.

Charles Hartman, State's Attorney, of Freeport (Phyllis J. Perko and
Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCHNAKE delivered the opinion of the court:

The defendant, Dennis L. Boatright, was found guilty but mentally ill of arson (Ill. Rev. Stat. 1983, ch. 38, par. 20—1(a)), and attempted arson (Ill. Rev. Stat. 1983, ch. 38, par. 8—4(a)), after a bench trial in the circuit court of Stephenson County. Defendant was sentenced to concurrent terms of probation of 48 and 30 months, respectively, and, as a condition of probation, was ordered to pay restitution not to exceed $560 and to continue his treatment at the Jane Addams Mental Health Center. On appeal, defendant argues that the trial court erred in ordering him to pay restitution without first determin-

ing his ability to pay, and that the Illinois guilty-but-mentally-ill statute (Ill. Rev. Stat. 1983, ch. 38, par. 6—2(c)) violates the due process clause of the United States and Illinois constitutions.

On May 18, 1984, defendant went to the Jane Addams Mental Health Center (Center) which is located on the second floor at 222 West Exchange Street in Freeport. During the time defendant was at the Center, the Center's entrance door was charred and a first-floor restroom was damaged by fire.

Nannette Reap, an employee at the Center, testified that she saw defendant stuffing several of the Center's information pamphlets behind the entrance door and later, upon removing them, noticed that one of the pamphlets had been charred. Steve Raber, a visitor at the Center, further testified that he saw defendant holding a charred pamphlet and a butane lighter in the Center's waiting room. William Sisler, a tenant in the building with an office near the first floor restroom, testified he saw defendant standing in the area of the restroom 15 minutes before discovering the fire there.

At the sentencing hearing, the only witness called was Gary Eilders, the presentence investigator. Eilders' testimony and presentence report showed: (1) that defendant was unemployed but had the ability to work at a sheltered workshop in the future; (2) that defendant received $209 a month in Supplemental Security Insurance; (3) that defendant lived with his mother and paid no rent; (4) that defendant had no assets, no debts and had posted a $1000 cash bond; and (5) that the building's owner, Laverle Lindbeck, had submitted an unitemized bill for $560 in repairs, excluding labor, which Lindbeck said he would supply himself. The court, thereafter, ordered defendant to pay restitution not to exceed $560 based on an itemized bill to be submitted to the probation department.

■■ Defendant's first argument on appeal is that the circuit court erred in ordering him to pay restitution without first determining his ability to pay as required by section 5—5—6(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—6(a)), which states:

> "If restitution is part of the disposition, the defendant shall make restitution to the victim in accordance with the following:
>
> (a) A pre-sentencing hearing shall be held to assess the financial capacity of the defendant to make restitution as well as to determine the amount and conditions of payment at the court's discretion."

The State contends that the evidence presented at the sentence hearing showed defendant's ability to pay and that defendant waived any

right to a more detailed presentencing hearing by failing to request one.

Both parties cite and rely on several Third District cases (*People v. Osborn* (1983), 111 Ill. App. 3d 1078; *People v. Johnson* (1982), 106 Ill. App. 3d 171; *People v. Krug* (1981), 97 Ill. App. 3d 938; *People v. Wilson* (1980), 87 Ill. App. 3d 544), dealing with restitution when ordered in conjunction with a term of imprisonment under section 5—5—6(a). In the present case, however, restitution was ordered as a condition of probation. When restitution is ordered as a condition of probation, section 5—6—3(b)(9), which specifically provides for restitution to be ordered as a condition of probation, is applicable rather than the general restitution provisions of section 5—5—6(a). (*People v. Chacon* (1984), 125 Ill. App. 3d 649.) Section 5—6—3(b)(9) states in relevant part:

"(b) The Court may in addition to other conditions require that the person:

\* \* \*

(9) make restitution in an amount not to exceed actual out of pocket expenses or loss proximately caused by the conduct of the defendant. The court shall, in a pre-sentencing hearing, determine the amount and conditions of payment." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3(b)(9).)

This provision does not require the court to make any inquiry into defendant's financial ability to pay restitution. (*People v. Chacon* (1984), 125 Ill. App. 3d 649.) Defendant's argument in the present case, therefore, is misplaced because he was ordered to pay restitution as a condition of probation.

■ Defendant's second contention on appeal, which was not raised below, is that the Illinois guilty-but-mentally-ill statute (Ill. Rev. Stat. 1983, ch. 38, par. 6—2(c)), is unconstitutional as applied to non-incarcerated defendants. Defendant argues that since a condition of psychiatric treatment may be imposed upon a defendant on probation, regardless of whether the defendant is found mentally ill, the adjudication of mental illness serves no purpose other than to create a life-long stigma and to penalize those who avail themselves of the insanity defense and, therefore, violates the due process clause of the United States and Illinois constitutions.

This same argument has twice been rejected by the court in *People v. Carter* (1985), 135 Ill. App. 3d 403, and *People v. Smith* (1984), 124 Ill. App. 3d 805. In *Smith* the court stated:

"When determining whether a statute violates due process the court must determine whether the statute is reasonably de-

signed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare. The due process clause requires only that the statute be reasonably designed to accomplish its purposes, not that it be the best means of accomplishing them. [Citation.]

In the instant case, the legislature intended to provide a statute that reduced the number of persons who were erroneously found not guilty by reason of insanity and to characterize such defendants as in need of treatment. The guilty but mentally ill statute is clearly rationally designed to accomplish that goal. \*\*\*

Additionally, the guilty but mentally ill statute does not chill the assertion of the insanity defense. Under the guilty but mentally ill statute, in order to convict a defendant who raises the insanity defense, the defendant must still be found guilty beyond a reasonable doubt of the crime charged and be found legally sane. [Citation.] The statute does not change any rights, obligations or disabilities [citation], so that neither the possibility of adverse collateral consequences nor a purported compromised verdict significantly chills the assertion of the insanity defense so as to render the statute unconstitutional." (124 Ill. App. 3d 805, 811-12.)

Thus, we adhere to the above decisions and reject defendant's arguments in the present case.

For the reasons stated above, the judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

STROUSE and UNVERZAGT, JJ., concur.