THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RUSSELL B. HILL, Defendant-Appellant.

Fourth District   No. 4—89—0108

Opinion filed December 6, 1989.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Nancy Owen, State's Attorney, of Charleston (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The defendant, Russell Hill, appeals from the imposition of a

monthly probation supervision fee as a condition of his probation. We affirm.

Following a bench trial in the circuit court of Coles County, the defendant was found guilty as charged on two traffic citations: (1) driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)); and (2) failure to yield the right-of-way (Ill. Rev. Stat. 1987, ch. 95½, par. 11—906). The circuit court sentenced the defendant to one year of probation upon the conditions he serve a 60-day jail term; pay court costs, public defender fees, and monthly probation supervision fees; and participate in any recommended alcohol treatment programs. The probation order entered by the trial court specifically imposes a $25 monthly probation supervision fee.

The sole issue on review is whether the circuit court abused its discretion in imposing the *maximum* monthly supervision fee on the defendant as a condition of his probation. Defendant also apparently contends the probation authority or the circuit clerk may have determined the amount of the probation fee. The probation order signed by the court clearly demonstrates the fee was determined and imposed by the court.

■ We note the defendant has waived review of this issue by his failure to either expressly argue his financial inability to pay the supervision fee or to object to the imposition of that fee at his sentencing hearing. (*People v. Boatright* (1985), 137 Ill. App. 3d 888, 889-90, 486 N.E.2d 926, 927.) As an exercise of our judicial discretion, we choose to address the merits of this issue on review. *People v. Nash* (1989), 183 Ill. App. 3d 924, 932, 539 N.E.2d 822, 827.

Section 5—6—3 of the Unified Code of Corrections (Code) governs the conditions that may be imposed as part of probation. The imposition of a probation fee became effective on January 1, 1989, by Public Act 85—1256 (1988 Ill. Legis. Serv. 2183, 2184 (West); 1988 Ill. Laws 2535). The Code provides in pertinent part:

> "(g) The court shall impose upon an offender sentenced to probation as a condition of such probation, a fee not to exceed $25 for each month of probation supervision ordered by the court, unless after determining the inability of the person sentenced to probation to pay the fee, the court assesses a lesser fee." (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 1005—6—3(g).)

Defendant was sentenced on January 13, 1989.

The underlying rationale for the monthly supervision fees is, in part, to fund the probation system. (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 1005—6—3(g).) Such fees will permit the probation system to re-

sponsibly meet the individualized needs of criminal defendants on probation.

■ The circuit court is not required to make a specific finding the criminal defendant has either the ability or the financial resources to pay the monthly supervision fee. To the contrary, such a finding is implicit in the imposition of the probation supervision fee as a condition of probation. (See *People v. Bishop* (1980), 81 Ill. App. 3d 521, 524, 401 N.E.2d 648, 650.) Nor is the circuit court required to conduct a separate hearing to determine defendant's ability to pay the fee.

■ The record also supports a finding the defendant has the ability to pay the maximum monthly probation supervision fee. The circuit court had the presentence report on the defendant before it at the sentencing hearing. The defendant did not object to the accuracy of that report. The presentence report lists the financial resources of the defendant as follows: (1) medical disability income of approximately $400 per month; (2) living expenses of approximately $150 per month; and (3) debt of approximately $760 for child support. The defendant testified he was buying a home and he owned a vehicle. The State recommended a monetary fine as a condition of probation. Defense counsel did not object to the imposition of a fine and conceded a $100 public defender fee would be appropriate.

The trial court was well aware of defendant's financial situation and chose not to impose a fine. It did impose court costs and the maximum monthly probation supervision fee.

The circuit court did not abuse its discretion in imposing the maximum monthly supervision fee on the defendant as a condition of his probation, and the sentence of the Coles County circuit court is accordingly affirmed.

Affirmed.

SPITZ and GREEN, JJ., concur.